IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01112-WDM-CBS

D'ANN SEDILLO,

    Plaintiff,

vs.

JOUBERT S.A. MALAYSIA;
JOUBERT S.A. (M) SDN BHD;
HIGHLAND GROUP INDUSTRIES;
CEQUENT CONSUMER PRODUCTS, INC.;
CEQUENT TOWING PRODUCTS, INC.;
TRIMAS CORPORATION; AND
WAL-MART STORES, INC.,

    Defendants.

_____

PROTECTIVE ORDER
_____

The parties agree certain information to be produced in this case may be confidential, proprietary, and/or protected by the right of privacy that should be kept confidential through the course of this action and thereafter and not be used for any other purpose other than this litigation.

Pursuant to Fed. R. Civ. P. 26(c), the parties agree the following protective provisions governing certain documents and/or other information as specified in paragraph 3, below, and designated as confidential, proprietary, and/or private be imposed upon all designated discovery and litigation proceedings in this action, whether such discovery and litigation proceedings be directed at a party to the litigation or another person or entity. The Court hereby Orders as follows:

    1.    This Protective Order applies to all documents, the information contained therein,

and all other information produced or disclosed in connection with this litigation whether revealed in a document, in deposition, trial or other testimony, in discovery responses, or otherwise by any party in this litigation to any other party or parties.

2. For purposes of this Protective Order, the term "document" means any and all written, electronic, and digital record of any kind, translations, transcriptions, correspondence, notes, lists, memoranda, contracts, agreements, accounts, minutes, e-mail messages, summaries, pamphlets, brochures, books, photographs, audio recordings, video recordings, teletypes, telefaxes, graphic representations, computer printouts, database records, and computer data, files and/or other electronically maintained or transmitted information.

3. Only documents containing proprietary information such as trade secrets, manuals (but not catalogs, or the like), contracts, special formulas, company security matters, customer lists, financial data, production data, and marketing data, may be designated "confidential." Such documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word "confidential" on each page.

4. If any party believes a document not described in the above paragraph should nevertheless be considered "confidential," it may make application to the Court.

5. Documents designated "confidential" shall be disclosed only to the attorneys, the parties, parties' experts or other persons whom the attorneys or the Court deem necessary to review the documents for the prosecution or defense of this lawsuit. Any person receiving documents designated as "confidential" shall be provided with a copy of the Protective Order and shall agree, in writing, to be bound by the terms of the Protective Order.

6. Upon completion of this matter, by dismissal, judgment or any other fashion, all "confidential" materials shall be returned to the producing party or destroyed by the receiving party

within 10 days of completion. If disposed by destruction, the receiving party must present the producing party with a certification setting forth the manner and date on which said destruction occurred.

7. Counsel who discloses confidential information to a retained expert shall be responsible for communicating to such expert the requirement of compliance with the terms of this Protective Order by any retained experts to whom such confidential information is disclosed and shall obtain and retain the original affidavits signed by the retained experts agreeing to maintain the confidentiality of confidential information, and shall maintain a list of all experts to whom any confidential information is disclosed.

8. In the event a party or other person inadvertently fails to designate documents or other information properly subject to this Protective Order as confidential, it may make such a designation subsequently by notifying all persons and parties to whom such documents or information were produced, in writing, as soon as practicable. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated discovery material as confidential, subject to their right to dispute such designation in accordance with paragraph 11.

9. If reference is made to any confidential information during the course of a deposition, the parties (and deponents) may designate portions of the transcript as confidential. Said portions of the transcript that include references to any confidential information shall not be disclosed in any manner to any persons, except as provided for in this Protective Order. If a document designated "confidential" is marked as a deposition exhibit, such document will not be bound with the deposition transcript, but shall be retained separately by the attorneys for the respective parties pursuant to the provisions of this Protective Order.

10.     Confidential documents or information may be introduced by any party at trial or at any court hearing upon advance notice affording the party that produced the confidential documents or information a reasonable opportunity to respond to the proposed use of the information. At the time such documents or information are introduced, the Court shall issue such Order as it deems appropriate for maintaining the confidentiality of such material.

11.     A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential information to file an appropriate motion, after first complying with the Court's order regarding discovery disputes, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential information and shall not thereafter be treated as confidential information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential information shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential information.

12.     In the event it is necessary for the Parties to file confidential information with the Court in connection with any proceeding or motion, the confidential information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2 and 7.3.

13.     Documents or information designated "confidential" shall retain that designation and

remain subject to the terms of this Protective Order until such time, if ever, as: (a) the Court renders a decision that any such document or information is not properly subject to protection from disclosure by the applicable law; (b) the party producing the confidential information shall consent in writing to waive confidentiality; or (c) such document or information shall become publicly available without a breach of the terms of this Protective Order.

14.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of confidential information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

15.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16.     At the conclusion of this lawsuit, including any appeal therefrom, the parties may seek from the Clerk of the Court the return of any documents filed under seal.  Counsel shall make such request within 21 days after the conclusion of this lawsuit, including any appeal therefrom. In the absence of such a request, the Clerk may destroy the documents filed under seal.

17.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

DATED at Denver, Colorado, this 4th day of September, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge